MANION, Circuit Judge,
concurring.
I join the opinion of the court in full, but write separately to underscore the significance of the Supreme Court’s recent decision in Reed v. Town of Gilbert, which held that a speech regulation targeted at specific subject matter is content-based even if it does not discriminate among viewpoints within that subject matter. — U.S.-, 135 S.Ct. 2218, 2230, 192 L.Ed.2d 236 (2015). Reed injected some much-needed clarity into First Amendment jurisprudence and, in doing so, should eliminate the confusion that followed from Ward v. Rock Against Racism, 491 U.S. 781, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). While Ward is well-recognized as the Court’s seminal time, place, and manner First Amendment case, it also described a standard for content-neutrality that was in tension with the Court’s developing content-based regulation of speech doctrine. Reed resolved this uncertainty.
Ward stated that “[t]he principal inquiry in determining content neutrality ... is *388 whether the government has adopted a regulation of speech because of disagreement with the message it conveys.” 491 U.S. at 791, 109 S.Ct. 2746. Over time, courts interpreted this statement to mean that it did not matter if a law regulated spéakers based on what they said, so long as the regulation of speech was not imposed because of government disagreement with the message. Under this approach, if an ordinance was not viewpoint-based, then it was content-neutral. For example, a local government’s decision to eliminate religious speech or abortion-related speech was considered content-neutral because it was not viewpoint-based— as, for instance, a regulation prohibiting “Christian speech” or “pro-life speech” was and remains. Reed eliminates this distinction. 135 S.Ct. at 2227 (concluding that a speech regulation is content-based if it prohibits the topic discussed or the idea or message expressed); ante at 387 {“Reed effectively abolishes any distinction between content regulation and subject-matter regulation.”). On this point, Reed overrules Ward.
Reed saw what Ward missed — that topical censorship is still censorship. Rejecting the idea that the government may remove controversial speech from the marketplace of ideas by drafting a regulation to eliminate the topic, Reed now requires any regulation of speech implicating religion or abortion to be evaluated as content-based and subject to strict scrutiny, just like the aforementioned viewpoint-based restrictions covering more narrow contours of speech. 135 S.Gt. at 2228, 2230. New regulations will survive this rigorous standard.
Because the court has faithfully applied Reed to the City’s ordinance, I concur.